## SUPREME COURT.

DANIEL SHEPHARD, Trustee of GEORGIANA WARD, agt. THE MAYOR, ALDERMEN and COMMONALTY of the City of New-York.

The Central Park act of 1853, and the proceedings under it by the corporation of the city of New-York, operate in effect as a foreclosure and sale of all the premises described in it, as it respects mortgages upon such premises.

When an award has been made to a party interested for the amount of his mortgage, and that award duly confirmed, it is in law a special judgment merging the mortgage, and to be enforced as a special judgment.

The act, by making the award payable immediately, so as to draw interest, does not, and was not intended to dispense with an *application* to the common council, by a party interested, before bringing a suit against the city.

*New-York Special Term, Dec.,* 1856.

THIS was an action in which it was sought to foreclose a mortgage upon premises situated in the Central Park, despite the taking of the same by the city under the act of 1853, for the purposes of a public place. The answer of the city set up the fact of the premises having been taken under the act aforesaid, by them, and of the awarding of damages to the plaintiff, to the extent of $5,000, for his interest in the land.

A motion was made for judgment on the answer as frivolous, which was denied, and the case was then submitted on the complaint and answer.

ALLEN MELVILLE, *for plaintiff.*

MARTIN V. B. WILCOXSON, *for the Mayor, &c., of New-York.*

ROOSEVELT, Justice. There is no ground for a bill of foreclosure. The park act, and the proceedings under it, have operated already as a foreclosure and sale. An award was made to the plaintiff by name for the amount of the mortgage. That award, duly confirmed, is, in law, a special judgment, merging the mortgage, and to be enforced as a special judgment.

By the act of 1813, unmodified, the award would have been payable in four months; but even then no suit could be brought without first applying for payment to the common council, and no interest was allowed except from the time of such " application." The park act, in making the awards payable immediately, was intended merely as a repeal of the four months' clause, and of the time from which interest should commence. It never could have been supposed that the city, without any application to the common council, and without any opportunity to raise the funds, was to be subjected forthwith to an indefinite number of suits.

The old statute, as to public places, was declared to be the law of the new park, except as otherwise provided. I see no inconsistency in making the award payable immediately, so as to draw interest, and yet requiring an application before suit.

No such application having been made, (in addition to the other objections stated,) the suit must be dismissed, as to the city, as premature, with costs.