GEORGE LAHR, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY, Appellant.

In an action by an owner of real estate, abutting on a street in the city of New York, against a corporation operating an elevated railroad constructed over said street, to recover damages to his property occasioned thereby. *Held*, that the doctrine of the case of *Story* v. *New York Elevated Railroad Company* (90 N. Y. 122), although pronounced by a divided court, must be considered as *stare decisis* upon all questions involved therein, not only questions which it expressly decides, but such as logically come within the principles therein determined.

The questions so determined stated as follows:

Abutters upon public streets in a city are entitled to such damages as they may have sustained by reason of a diversion of the street from the use for which it was originally taken, and its illegal appropriation to other and inconsistent uses.

An elevated railroad in a street of a city, supported by columns placed along the outer line of the sidewalks, and operated by steam power, is a perversion of the use of the street from the purposes originally designed, and is a use which neither the city authorities nor the legislature can legalize or sanction, without providing compensation for the injury inflicted upon property of abutting owners.

Abutters upon a public street of a city, claiming title to their premises by grant from the municipal authorities, which grant contains a covenant that a street to be laid out in front of such property shall continue forever thereafter as a public street, acquire an easement in the bed of the street for ingress and egress to and from their premises, and, also, for the free and uninterrupted passage and circulation of light and air.

The ownership of such an easement is an interest in real estate, constituting property within the meaning of that term as used in the Constitution of the State, and requires compensation to be made therefor before it can lawfully be taken for public use.

The erection and operation of an elevated railroad as aforesaid in the street, the use of which is intended to be permanent, constitutes a taking and appropriation of the easement by the railroad corporation rendering it liable to the abutters for the damages thereby occasioned.

Also *held*, that no legal difference exists with reference to the interest acquired by abutting owners in a public street in the city of New York, between that created by a grant from the municipality with a covenant as aforesaid, or that acquired through a series of *mesne* conveyances from the original owner whose property was taken *in invitum* by the city, by proceedings under the act of 1813 (2 R. L. 49, § 177), to be held as prescribed by said act, "in trust, nevertheless, that the same be appropriated and kept open for and as a part of a public street * * * forever in like manner as the other public streets * * * in the said city are, or of right ought to be;" that said proceedings not only created a valid trust in the city which would preclude it from any other use of the land acquired than that expressly described in the statute, but, also, constituted a contract between the city and the owner which runs with the land, and enures to the advantage of each successive grantee thereof

Also *held*, that it was not essential to the acquisition of an abutter's rights in the street that any land should have been originally taken from him, as in any event he is a party to the proceedings to appropriate the land for the same and liable to be assessed for its benefits, and therefore entitled to enjoy them; that the contract created by the statute and proceedings applies to all persons entitled to be heard, and enures.

equally to the benefit of all, although they may be unequally assessed for its cost.

Also *held* (RUGER, Ch. J.; ANDREWS and DANFORTH, JJ., concurring), that the railroad corporation was liable for the operation of its train and the consequences flowing therefrom in respect to the manufactures and distribution in the air of gas, smoke, steam, dust, cinders, ashes and other unwholesome and deleterious substances from its locomotives and trains.

No partial justification of the damages inflicted by an unlawful structure, and its unlawful use can be predicated upon the circumstance that under other conditions, and through a lawful exercise of authority, some of the consequences complained of might have been produced without rendering their perpetrator liable for damages (RUGER, Ch. J., ANDREWS and DANFORTH, JJ., concurring).

(Argued October 27, 1886; decided February 1, 1887.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made January 4, 1886, which affirmed a judgment in favor of plaintiff, entered on a verdict and affirming an order denying a motion for a new trial.

This action was brought to recover damages to plaintiff's premises abutting on Amity street in the city of New York, alleged to have been caused by the construction and maintenance of an elevated railroad over said street.

Amity street was laid out and opened in 1823, under the act of 1813, and the various acts amendatory and supplemental thereto. By the terms of said act the fee of lands taken for a street is vested in the city " in trust, nevertheless, that the same be appropriated and kept open for or as a part of a public street, * * * forever in like manner as the other public streets * * * of the said city are and of right ought to be."

The land through which Amity street was laid out then, belonged to John Ireland. It was taken by proceedings *in invitum*, and he was assessed for the benefit to his remaining lands the sum of $425, over and above the sum awarded to him for the land taken. By plaintiff's deed he is bounded on the side of the street. Defendant's railroad is supported on iron columns about fifteen feet high, sixteen by twelve

inches in size, placed just inside the outer edge of the side-walk, on each side of the street. These support transverse girders extending across the street, and between them are longitudinal girders upon which the tracks rest. The highest part of the railway structure is nineteen feet nine inches above the surface of the street, and the part of the structure nearest to the building on plaintiff's lot is distant about ten feet therefrom. Trains drawn by locomotives, run by steam, pass over the road at short intervals during the day and night.

Further facts appear in the opinion.

*David Dudley Field, Julien T. Davies* and *Edward S. Rapallo* for appellant. Plaintiff can establish no cause of action without proving that some property has been taken from him by defendant. (90 N. Y. 143; Sedgw. on Stat. & Con. L. 519; Dillon on Mun. Cor. § 784; *Transp. Co.* v. *Chicago,* 99 U. S. 635; *O'Connor* v. *Pittsburgh,* 18 Penn. St. 187; *Hatch* v. *Vermont Cent. R. R. Co.,* 25 Vt. 49; *Richardson* v. *Same,* id. 473; *Radcliff's Ex'rs* v. *Mayor, etc.,* 4 N. Y. 195; *Bellinger* v. *N. Y. C. R. R. Co.,* 23 id. 42; *Brooklyn P'k Com.* v. *Armstrong,* 45 id. 234, 245.) The plaintiff does not own any easement of light, air and access in Amity street appurtenant to his lot abutting thereon, nor any private right of property in the street. (*Burbank* v. *Fay,* 65 N. Y. 65; *Wheeler* v. *Clark,* 58 id. 270; *Gilbert El. R. R. Co.* v. *Kobbe,* 70 id. 361; *Heyward* v. *Mayor, etc.,* 7 id. 314; *People* v. *Kerr,* 27 id. 188; *Brooklyn P'k Com.* v. *Armstrong,* 45 id. 234; *Nicoll* v. *N. Y. & E. R. R. Co.,* 2 Kern, 121; *De Varaigne* v. *Fox,* 2 Bl. C. C. 95; *Tyler* v. *Hammond,* 11 Pick. 193; *Un. Bur. Ground* v. *Robinson,* 5 Wheat. 21; *Jackson* v. *Hathaway,* 15 John, 447; *Fearing* v. *Irwin,* 4 Daly, 385; *English* v. *Brennan,* 60 N. Y. 609; *White's Bank* v. *Nichols,* 64 id. 65; *Kings Co. F. I. Co.* v. *Stevens,* 87 id. 287; *S. C.,* 101 id. 417.) The plaintiff failed to prove that the acts of defendant constituted any taking of his property, because he failed to show that the use of the street for the railroad of the defendant was other than a legitimate street

use. (90 N. Y. 168, 174; *Brooklyn P'k Com.* v. *Armstrong*, 45 N. Y. 234; *Pensac. Tel. Co.* v. *W. U. Tel. Co.*, 96 U. S. 1; *People* v. *Kerr*, 27 N. Y. 188; *Kellinger* v. *Forty-second St. R. R. Co.*, 50 id. 206; *Fifth Nat. Bank* v. *N. Y. El. R. R. Co.*, 24 Fed. 114; *Board of Works* v. *U. K. Tel. Co.*, 51 L. T. R. 148.) The plaintiff can recover no damages occasioned by the running of the trains. (*Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122, 146, 155, 159, 160, 161, 169–179.) The legislature has the right to authorize a steam railroad to be run through the streets of the city of New York, and if the road be placed upon the surface of the street, no compensation whatever need be paid to the owners of abutting property. (*People* v. *Kerr*, 27 N. Y. 188; *Kellinger* v. *Forty-second St. R. R. Co.*, 50 id. 206; *Drake* v. *H. R. R. R. Co.*, 7 Barb. 508; *Green* v. *Same*, 65 How. Pr. 154; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Craig* v. *Rochester City & R. R. R. Co.*, 39 id. 404; *Washington County* v. *P. P. & C. I. R. R. Co.*, 68 id. 591; *Corey* v. *B. C. & N. Y. R. R. Co.*, 23 Barb. 482; *L. & O. R. R. Co.* v. *Applegate*, 8 Dana, [Ky.] 289; *A. & N. R. R. Co.* v. *Garside.* 10 Kan. 552; *Moses* v. *P. Ft. W. & C. R. R. Co.*, 21 Ill. 516; *Dwenger* v. *C. & G. T. R. Co.*, 98 Ind. 152; *Milburn* v. *C. of C. R. & C. I. & N. R. R. Co.*, 12 Ia. 246, 260; *C. L. R. R. Co.* v. *Cohen*, 50 Ga. 451; *Crowley* v. *Davis*, 63 Cal. 460.) As the legislature can authorize a railroad to run upon the surface of the street without compensation to abutting property owners, much more can they authorize one running above the surface and in no way interfering with the ordinary use of the street for street purposes. (*Bloodgood* v. *Mohawk R. R. Co.*, 18 Wend. 31; *People* v. *Flagg*, 46 N. Y. 401; *People* v. *Smith*, 21 id. 595; *Taylor* v. *Georgetown*, 6 Wheat. 59; *People ex rel. Griffin* v. *Mayor, etc.*, 4 N. Y. 415; *Smith* v. *Washington*, 20 How. 135; *People* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 543; *People* v. *Kerr*, 27 N. Y. 188; *Kellinger* v. *Forty-second St. R. R. Co.*, 50 id. 206; *City of Clinton* v. *R. R. Co.*, 24 Ia. 455; *Barney* v. *Keokuk*, 94 U. S. 324; *Elliott* v. *F. & W. R. R. Co.*, 32 Conn. 579; *Moses* v. *R. R.*

*Co.*, 20 Ill. 522; *Ind. R. R. Co.* v. *Hawley*, 67 id. 439; *Stetson* v. *R. R. Co.*, 75 id. 74; *Hutchinson* v. *Pal. R. R. Co.*, 7 N. J. Eq. 75; *Transp't Co.* v. *Chicago*, 99 U. S. 635; *R. R. Co.* v. *Garside*, 10 Kan. 532; *Brown* v. *Duplessis*, 14 La. 842; *Lesery* v. *R. R. Co.*, 51 Cal. 194; *Wallis* v. *P. & N. R. R. Co.*, 6 Whart. 25; Dillon on Mun. Cor., §§ 723, 725, 726; 90 N. Y. 170.) Claims against a corporation, arising out of its exercise of the powers conferred upon it by the legislature are confined to claims for taking property without making compensation, or for damages by reason of negligence or misconduct in the exercise of those powers. (Pierce on Railroads [1st ed.] 197–198; *Bellinger* v. *N. Y. C. R. R.*, 23 N. Y. 42; *Radcliff's Exr.* v. *Mayor, etc.*, 4 id. 195; *Gould* v. *N. Y. C. R. R. Co.*, 6 id. 522; *People* v. *Kerr*, 27 id. 193; *Brieson* v. *S. I. R. Co.*, 31 Hun, 112.) No evidence should have been admitted of emission of gas, odors, cinders, etc., from defendant's locomotives, and no damage occasioned thereby should have been recovered because plaintiff can have no property in the street, consisting of a right appurtenant to his land to have pure or unpolluted air furnished to his house from the street. (*Dark* v. *Johnston*, 55 Penn. St. 164; *Oliver* v. *Hook*, 47 Md. 301; *Hill* v. *Nipper*, 2 H. & C. 121; *Keppe* v. *Bailey*, 2 Myl. & K. 535; Goddard's Law of Easements [Bennett's ed.] 28, 29, 33; *Sampson* v. *Savage*, 1 C. B. [N. S.] 347; *Met. Ass.* v. *Petch*, 5 id. 504; *Cadgill* v. *Moore*, 9 C. B. 364; *Hewlins* v. *Shippam*, 5 B. & C. 229; *Rangeley* v. *Midland, etc.*, L. R., 3 Ch. App. 310; *Bliss* v. *Hall*, 4 Bing. [N. C.] 186; *Crump* v. *Lampert* L. R. 3 Eq. 413.) To determine whether or not the acquisition of land for a street by the city under the act of 1813, has resulted in the existence of any easements or rights in the street belonging to the owners of abutting lands, is a matter of construction of the act. (*Heyward* v. *Mayor, etc.*, 7 N. Y. 314; *Brooklyn Pk. Com.* v. *Armstrong* 45 id. 234, 243.)

*David Dudley Field* for appellant. The decision in *Story* v. *New York Elevated Railroad Company*, (90 N. Y. 122),

does not make a precedent which must be followed in subsequent cases differing in circumstances. (*Christy's Case,* 3 How. [U. S.] 292 ; *Butler* v. *Van Wyck,* 1 Hill, 438 ; *People* v. *Brooklyn,* 9 Bos. 543 ; *Carroll* v. *Lessee of Carroll,* 16 How. [U. S.] 287 ; *Tapner* v. *Merlott,* Willes, 177 ; *Evans* v. *Solly,* 9 Price, 541.) It was erroneous to admit in evidence the opinions of the witnesses produced as experts, because such witnesses were not qualified within the rules of evidence to state their opinions as proof in the cases. (*Dole* v. *Johnson,* 50 N. H. 452 ; *Jones* v. *Tucker,* 41 id. 548 ; 1 Greenl. Ev. [Redf. Ed.] § 440 *a ; Carter* v. *Boehm,* 1 Smith's L. C. 286 ; Pothier's Civ. Proc., chap. 3, art. 3, § 1 ; *Boardman* v. *Woodman,* 47 N. H. 134 ; *Beard* v. *Kirk,* 11 id. 400 ; *Payn* v. *Parker,* 40 id. 59 ; *Luning* v. *State of Wisconsin,* 1 Chandler [Wis.], 183 ; *Lincoln* v. *Inhabitants of Bane,* 5 Cush. 590 ; *Clark* v. *Rockland Water Co.,* 52 Me. 76, 77 ; *Heald* v. *Thing,* 45 N. H. 394 ; *Clay* v. *Clay,* 2 Iredell, 78 ; *Norman* v. *Wells,* 17 Wend. 136 ; Bell on Expert Testimony, 11, 12 ; *Flynt* v. *Bodenhamer,* 80 N. C. 206 , *Wiggins* v. *Wallace,* 19 Barb. 338 ; *Nelson* v. *Sun Mut. Ins. Co.,* 71 N. Y. 543.) The incidental damages due to the maintenance and operation of the road, such as those caused by odors, noise, cinders, etc., do not constitute a taking of property, and must not be included by commissioners in their award. (*In re N. Y. El. R. R. Co.,* 36 Hun, 427.)

*Julien T. Davies* for appellant. The plaintiff failed to prove that the acts of defendant constituted any taking of her property, or that the injuries complained of were due to a taking of property, for there is no evidence that the placing in the street of the railroad structure described in this action was a use of the street in excess of its legitimate street use. (*Story* v. *N. Y. El. R. R. Co.,* 90 N. Y. 143, 163, 168, 174 ; *Radcliff* v. *Mayor, etc.,* 4 id. 195 ; *Bellinger* v. *N. Y. C. R. R. Co.,* 23 id. 42 ; *People* v. *Kerr,* 27 id. 188 ; *Kellinger* v. *Forty-second St. R. R. Co.,* 50 id. 206.) It is essential to a recovery that plaintiff should found his action upon a taking

of property, for, by the established law of the State, the
legislature may authorize the construction of works of a public
nature, without requiring compensation to be made to persons
who may suffer damages occasioned by the construction or
operation of such works, in case no property of such persons
be actually taken or appropriated. (*Radcliff* v. *Mayor, etc.*,
4 N. Y. 195 : *Bellinger* v. *N. Y. C. R. R. Co.*, 23 id. 42 ;
*Smith* v. *Washington*, 20 How. [U. S.] 135 ; *O'Connor* v.
*Pittsburgh*, 18 Penn. 187 ; *People* v. *Kerr*, 27 N. Y. 188 ;
*Kellinger* v. *Forty-second St. R. R. Co.*, 50 id. 206 ; *Green*
v. *N. Y. C. R. R. Co.*, 65 How. Pr. 154.) The amount of
the damage was not, in this instance, a fact which the laws of
evidence applicable to the case would allow the jury to infer
from the general facts presented. The usual rule, that the
amount of damage must be proved, applied to this case.
(*Leeds* v. *Met. Gas-Light Co.*, 90 N. Y. 26 ; *Houghkirk* v.
*D. & H. C. Co.*, 92 id. 224 ; *Bogert* v. *Burkhalter*, 2 Barb.
525 ; *Squier* v. *Gould*, 14 Wend. 159 ; *Chamberlaine* v. *C.
& B. Co.*, 1 Exch. R. 870 ; *Rickett* v. *Met. R. R. Co.*, L. R.
[2 H. of L. App. Cas.] 175.) No evidence should have been
admitted as to the annoyance due to the noise of the cars, and
the emission of gas, odors, cinders, etc , from the locomotives,
and no damage occasioned thereby should have been recovered
because plaintiff had no property right in the street consist-
ing of a right or easement appurtenant to her land to have
the street free from noise, or to have pure and unpolluted
air furnished to her house from the street; and this, irre-
spective of the question whether or not the running of the
trains is properly a street use of the roadway. (*Drake* v. *H.
R. R. R. Co.*, 7 Barb. 546, 547 ; *Barney* v. *Keokuk*, 94 U.
S. 324, 340 ; *People* v. *Kerr*, 27 N. Y. 188, 196, 202 ; *Story*
v. *N. Y. El. R. R. Co.*, 90 id. 122 ; *Greene* v. *H. R. R. R.
Co.*, 65 How. Pr. 154 ; *Hill* v. *Tupper*, 2 Hurl. & Colt. 121 :
*Keppel* v. *Bailey*, 2 Myl. & K., 535 ; Goddard's L. of Eas.
[Bennett's ed.] 28, 33 ; *Simpson* v. *Savage*, 1 C. B. [N. S.]
347 ; *Met. Ass'n* v. *Petch*, 5 id. 504, 512 ; *Kadgill* v. *Moor*,
9 id. 364 ; *Hewlins* v. *Shippam*, 5 B. & C. 221 ; *Rangeley*

*v. Midland, etc.,* L. R. [3 Ch. App.] 310 ; *Bliss* v. *Hall,* 4 Bing. [N. C. ] 186 ; *Crump* v. *Lambert,* L. R. [3 Eq.] 413 ; *In re N. Y. El. R. R. Co.,* 36 Hun, 427, 434.) It was erroneous to admit evidence of inconvenience or damage incidental to the running of the trains through the street past the premises of plaintiff, because the operation of the trains, considered alone and separately from the erection of the structure, was a legitimate street use of the street to which all easements appurtenant to the abutting land were subject and subordinate. The plaintiff's recovery should not have included any damages due to the interference with light or the emission of odors, etc., occasioned by the passage of trains. (*Radcliff's Ex'r.* v. *Mayor, etc.,* 4 N. Y. 195 ; *Story* v. *N. Y El. R. R. Co.,* 90 id. 154, 168 ; *People* v. *Kerr,* 27 id. 188 ; *Kellinger* v. *Forty-second St. R. R. Co.,* 50 id. 206 ; *Barney* v. *Keokuk,* 94 U. S. 324 ; *City of Clinton* v. *R. R. Co.,* 24 Ia. 455 ; *Taylor* v *Man. R. R. Co.,* 50 N. Y. Supr. Ct. 311 ; *Green* v. *H. R. R. R. Co.,* 65 How. Pr. 154 ; *Fifth Nat'l Bk.* v. *N. Y. El. R. R. Co.,* MS. ; *Plant* v. *L. I. R. R. Co.,* 10 Barb. 26 ; *Adams* v. *S. & W. R. R. Co.,* 11 Barb. 414, 450 ; *Drake* v. *H. R. R. R. Co ,* 7 id. 508.)

*Edward S. Rapallo* for appellant. Although an easement can only be acquired or transferred by a grant, it can be lost or destroyed without any conveyance or grant, differing in this respect from land itself. (*Lattimer* v. *Livermore,* 72 N. Y. 174, 182.) This whole litigation relates not to the value of property acquired, but to the amount of consequential damages claimed to be occasioned by the alleged destruction of rights, and consist of the depreciation in the fee value of the premises which must be satisfied by one recovery. (*Nicklin* v. *Williams,* Exch. Rep. [H. & G.] 259 ; *Benomi* v. *Backhouse,* 1 E. B. & E. Q. B. 622, 638, 640, 641, 654 ; 9 H. of L. Cases, 503 ; L. R. 3 Q. B. Div. 389, 393, 394, 399 ; *Mitchell* v. *D. & M. C. Co.,* L. R. 14 Q. B. Div. 125, 134 ; *Van Zandt* v. *Mayor, etc.,* 8 Bosw. 375, 388 ; *Langdon* v. *Mayor, etc.,* 93 N. Y. 129 ; *B. & P. Co.* v. *Reavey,* 42 Md.

117; *Fowle* v. *N. H. R. R. Co.*, 107 Mass. 352; *Chicago* v. *Stein*, 75 Ill. 41; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *C. & O. C. Co.* v. *Hitchings*, 65 Me. 140; *Baldwin* v. *Calkins*, 10 Wend. 169; *Mahon* v. *N Y. C.*, 24 N. Y. 658.) Neither trespass nor ejectment lie for interference with an easement. (*Applegate* v. *Morse*, 7 Lans. 59; *Bryan* v. *Whistler*, 8 Barn. & Cress. 288; *Wilson* v. *Wilson*, 2 Vt. 68; *Mainwaring* v. *Giles*, 5 Barn. & Ald. 361; *Clark* v. *School Board*, L. R. 9 Ch. Ap. 120.) When the value of the land and the consequential damages due to the taking or separation have been estimated, it was not proper for the commissioners to consider whether the land taken was afterwards to be occupied for a railroad or not. (*Albany R. R. Co.* v. *Lansing*, 16 Barb. 68; *Canandaigua & N. F. Co.* v. *Payne*, 16 Barb. 273; *Troy & B. R. R. Co.* v. *North T. Co.*, 16 Barb. 100; *Matter of Prospect Park*, 13 Hun, 345; *Black River & M. Co.* v. *Barnard*, 9 Hun, 104. *Matter of N. Y. El. R. Co.* v. *Story*, 36 Hun, 427, 434; *Met. B'd of Works* v. *McCarthy*, L. R. 7 H. of L. 243; *Caledonian R* v. *Ogilvy*, 2 Macq. Rep. H. of L. 229; *Ricket* v. *Met. R. Co.*, L. R 2 H. of L. 175.)

*Inglis Stuart* for respondent. Plaintiff had a cause of action. As abutting owner she had an easement right in West Third street to light, air and access. (*Peyser* v. *Met. El. R. Co.*, 12 Daly, 70; *Grafton* v. *B. & O. R. R. Co.*, 22 Fed. R. 309; *Rensselaer* v. *Leopold*, 106 Ind. 30.) This railroad does not lie within the description laid down in the surface case as being a street use. (*People* v. *Kerr*, 27 N. Y. 188, 193, 209; *Kellinger* v. *Forty-second St. R. R. Co.*, 50 id. 208.) There is nothing in defendant's charter to place it within the description of the surface cases. (*Copeland* v. *Mem. & Char. R. R. Co.*, 3 Woods, 60, 66; *Coe* v. *C. Z. & C. R. R. Co.*, 6 Am. L. Reg. 27; *Pennington* v. *Coxe*, 2 Cranch, 33; *Henderson* v. *R. R. Co.*, 78 N. Y. 378.) The use of the structure was not a street use so far as to draw a distinction between the running of trains and the structure itself. The action stood in

place of a condemnation proceeding. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98.) The rule in this State considers both railroad operations on such proceedings. (*In re Utica R. R. Co.*, 56 Barb. 456; *In re R. R. Co.* v. *Judge*, 15 Hun, 63; *In re City of Rochester*, 40 id. 588; *In re N. Y. El. R. R. Co.*, 36 id. 427; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y. 42; *In re U. C. & S. V. R. R. Co.* v. *Mening*, 56 Barb. 456.) There was no necessity for beginning by taking out an injunction against the trains. (*Troy, etc. R. R. Co.* v. *R. Co.*, 86 N. Y. 128; 1 Bouv. L. Dict. [4th ed.] 457.) A hereditament is real estate, and can only be conveyed as real estate is conveyed, viz., by grant. (1 R. S., 750 § 10; 2 Wash. on Real Property, § 25; Chap. 115, p. 125, Laws of 1807; *Henderson* v. *R. R. Co.*, 78 N. Y. 423.) Industries lawful in themselves are subjects for damage when they injure others, and it is for the jury properly instructed by the court, to say when they do or do not. (*Hutchins* v. *Smith*, 63 Barb. 299; *Campbell* v. *Seaman*, 63 N. Y. 299; *Carhart* v. *A. G. L. Co.*, 22 Barb. 297; Add. on Torts, 192; *Fish* v. *Dodge*, 4 Denio, 311.) The rule in other States and in England is the same as our rule. (*Walker* v. *R. R. Co.*, 103 Mass. 15; *Somerville, etc. R. R. Co.* v. *Doughty*, 22 N. J. L. 495; *R. R. Co.* v. *Hill*, 56 Penn. St. 460; *L. G. & W. Co.* v. *Moyer*, 99 id. 615; *Penn. R. R. Co.* v. *Duncan*, 111 id. 352; *Rigney* v. *City of Chicago*, 102 Ill. 64.) A railroad or other public work is liable to make compensation for the deterioration in the value of property caused by smoke, loss of privacy, jarring and increase of dust and noise, and any interference with the easement of access. (*In re S. T. & A. R. Co.*, 33 L. J. [Q. B.] 251; *Duke of Buccleuch* v. *Met. B'd. of W.*, 5 H. of L. Cas. 418; *Regina* v. *Essex*, Eng. L. R. [14 Q. B.] Div. 753; *Grafton* v. *B. & O. R. R. Co.*; *Zweig* v. *Same*, 21 Fed. Rep. 309; *Mollandin* v. *R. R. Co.*, 14 id. 394; *Setzler* v. *P. S. V. R. R. Co.*, 112 Penn St. 50.) It was proper to sue for the permanent damages and not for the daily loss. (*Blanchard* v. *City of Kansas*, 16 Fed. Rep. 444.)

*G. Willett Van Nest* for the New York National Exchange Bank and other property-owners. Successive actions of trespass or trespass on the case must be brought. (*Uline* v. *N. Y. C.* 101 N. Y. 98; *Brakken* v. *Minn.* 29 Minn. 41; *Sherman* v. *Milwaukee,* 40 Wisc. 645; *Cumberland* v. *Hitchings,* 65 Me. 140; *Ford* v. *Santa Cruz,* 59 Cal. 290; 1 Sedgw. on Measure of Dam. 296 [7th ed. note *a*]; *Arnold* v. *N. Y. C. R. R. Co.* 55 N. Y. 661.) The plaintiff has an interest in the street which must be paid for. (*Drucker* v. *Manhattan Co.,* 51 J. & S. 429; *Taylor* v. *Met.* 50 id. 311; *Ireland* v. *Met.* 32 Abb. L. J. 490, 491; *Dovaston* v. *Payne,* 2 Smith L. C.; 145; *Street R'y* v. *Cumminsville,* 14 O. St. 546; *Mahady* v. *Bushwick,* 91 N. Y. 153.) The plaintiff can recover for injury by smoke and noise, loss of privacy, etc. (Laws of 1850, chap. 140, § 18; *Sixth Ave. R. R. Co.* v. *Kerr,* 72 N. Y 333; *In re Com'rs,* 56 id. 153–157; *Bloodgood* v. *Mohawk,* 18 Wend. 19; *People* v. *Hinsdale,* 2 Johns. 190; 1 Sedg. M. of Dam. [7th ed.] 34, 129, 291; *Ehrgott* v. *Mayor, etc.,* 96 N. Y. 281; *Elizabethtown* v. *Combs,* 10 Bush. 383; *Emery* v. *Lowell,* 109 Mass. 197; *Ill. C. R. R. Co.* v. *Grabill,* 50 Ill. 241; *Henderson* v. *N. Y. C. R. R. Co.,* 78 N. Y. 433; *Francis* v. *Schoellkopf,* 53 id. 152; *Brakken* v. *Minneapolis,* 31 Minn. 45; *Argotsinger* v. *Vines,* 82 N. Y. 308; *Beir* v. *Cooke,* 22 Week. Dig. 121.) In condemnation proceedings where the railroad is acting under legislative authority, and is not a wrongdoer the rule of damages is usually the same. (*In re Utica,* 56 Barb. 464; *Bangor* v. *McComb,* 60 Me. 290; *Adden* v. *Railroad,* 55 N. H. 413; *Keithsburg* v. *East,* 79 Ill. 290; *Little Rock* v. *Allen,* 41 Ark. 431; *Kansas City* v. *Kregel,* 32 Kan. 608; *Pittsburg* v. *Bentley,* 88 Penn. St. 178; *Buccleuch* v. *Met. L. R.,* 5 H. L. 458; *Lafayette* v. *Murdock,* 68 Ind. 137; *Colvill* v. *St. Paul,* 19 Minn. 283; *In re New York,* 15 Hun, 63; *In re N. Y. W. S. & B. R. R. Co.* 29 id. 611; *In re Prospect,* 13 id. 345; 16 id. 261; *In re N. Y. W. S. & B. R. R. Co.* 35 id. 262; *In re N. Y. L. & W. R. R. Co.* 27 id. 151; *In re N. Y. W. S. & B. R. R. Co.* id. 537.) The same rule is applied in

taking easements as in taking absolute control of part of a piece of property. (*In re Poughkeepsie,* 63 Barb. 151; *In re Boston,* 31 Hun, 461.) Each cinder is a trespass as much as if the defendant poured water into the houses. (*Mairs* v. *Manhattan,* 89 N. Y. 498; *Seifert* v. *Brooklyn,* 101 id. 136; *Caro* v. *Met. El. R'y,* 46 J. & S. 165; *Trustees* v. *Thatcher,* 87 N. Y. 311; Gale on Easements, 483.) No distinction can be made between the trains and the structure. (*Mahady* v. *Bushwick,* 91 N. Y. 153.) A surface horse car being hardly distinguishable from an ordinary carriage, is a street use of a street in a large city. (*Kellinger* v. *Forty-second Street,* 50 N. Y. 206; *Craig's Case,* 39 id. 414; *Elliott* v. *Fairhaven,* 32 Conn. 586; *Hinchman* v. *Patterson,* 17 N. J. Eq. 75; *Texas* v. *Rosedale,* 22 Am. R'y Cas. 160; *Eichels* v. *Evansville,* 78 Ind. 267; *Jersey* v. *Jersey,* 20 N. J. Eq. 67; *Hanley* v. *Davenport,* 54 Ia. 475; *Brown* v. *Duplessis,* 14 La. An. 854.) A surface steam car being clearly distinguishable from a carriage because it emits smoke and creates noise is not a street use of a street. (*Williams N. Y. C. R. R. Co.,* 16 N. Y. 97; 78 id. 423; *Wager* v. *Troy,* 25 id. 526; *Mahon* v. *N. Y. C. R. R. Co.,* 24 id. 658; *Trustees* v. *Hill,* 3 Hill, 567; *In re Lewis,* 2 Wend. 472.) An adjoining owner has a right to have a street kept unobstructed above the level of the pavement except by such movable vehicles as have a reasonable height and are not objectionable in causing noise and in emitting smoke, steam, etc. (*Story* v. *N. Y. El. R. Co.* 90 N. Y. 122; *Mahady* v. *Bushwick,* 91 id. 153.) Any law which destroys property or its value, or takes away any of its essential attributes deprives the owner of his property. (*Gulf* v. *Fuller,* 63 Tex. 467; *Langdon* v. *Mayor, etc.,* 93 N. Y. 129; *In re Eleventh Ave.* 81 id. 436; *Sixth Ave.* v. *Kerr,* 72 id. 330.)

*John E. Parsons, Joseph H. Choate, John W. Pirsson, A. P. & W. Man, J. E. Burrill, Brownell & Lathrop, C. A. Davison* for property owners. The *Story Case,* although decided by a divided court, became the law of the land. (*In re Gil. El. R. R. Co.,* 70 N. Y. 361, 376; *In re N. Y. El. R.*

*R. Co.,* id. 327.) Only such an estate can be taken from a property owner *in invitum,* as is necessary, or perhaps as shall be deemed by the legislature to be necessary for the public use. (*In re Albany St.,* 11 Wend. 149 ; *In re Cherry St.,* 19 id. 659., 667 ; *Embury* v. *Conner,* 3 Comst. 511 ; *Heyward* v. *Mayor, etc.,* 3 Seld. 314.)

*Edward B. Whitney* for property owners. The right to complain of a steam railway line in a city street, so far as it rests on constitutional principles, is not confined to owners of the fee of the street. (*R. R. Co.* v. *Schurmier,* 7 Wall. 272, 289 ; *Fanning* v. *Osborne,* 34 Hun, 121 ; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.,* 103 N. Y. 10 ; *Story* v. *N. Y. El. R. R. Co.,* 90 id. 158, 159, 171–175 ; *In re Lewis St.,* 2 Wend. 472 ; *Livingston* v. *Mayor, etc.,* 8 id. 85 ; *Wyman* v. *Mayor, etc.,* 11 id. 486 ; *In re Furman St.,* 17 id. 650, 661, 662 ; *In re Thirty-second St.,* 19 id. 128 ; *In re Thirty-ninth St.,* 1 Hill, 191 ; *In re N. Y. El. R. R. Co.,* 36 Hun, 427 ; *Drake* v. *H. R. R. Co.,* 7 Barb. 508, 537, 555, 556, 557–559 ; *Williams* v. *N. Y. C. R. R. Co.,* 16 N. Y. 97, 101 ; *Greene* v. *N. Y. C. & H. R. R. R. Co.,* 12 Abb. [N. C.] 124; *Crittenden* v. *Wilson,* 5 Cow. 165 ; *Trans. Co.* v. *Chicago,* 99 U. S. 635, 640; 2 Rapalje & Lawrence, L. Dict. 885.) The elevated steam railroad cannot constitutionally be authorized in Amity street without compensation, and it has not, in fact, been so authorized. (*Story* v. *N. Y. El. R. R. Co.,* 90 N. Y. 147–149 ; *In re Lack. R. R. Co.,* 29 Hun, 1, 3, 4; L. R. [6 App. Cas.] 193.)

*Roger Foster* for property owners. It is not open to appellant to impeach the soundness of the decision in *Story* v. *New York Elevated Railroad Company* (90 N. Y. 122). (*Peyser* v. *Met. El. R. R. Co.,* 12 Abb. [N. C.] 276 ; *Glover* v. *Man. El. R. R. Co.,* 66 How. Pr. 77 ; *S. C.,* 19 J. & S. 1 ; *Drucker* v. *Man. R. R. Co.,* 19 id. 429 ; *Ireland* v. *Met. El. R. R. Co.,* 20 id. 450 ; *Greene* v. *N. Y. C & H. R. R. R. Co.,* 12 Abb. [N. C.] 124 ; *Mahady* v. *Bushwick R. R. Co.,* 91 N. Y. 148, 153 ; *Uline* v. *N. Y. C. & H. R. R. R. Co.,*

101 id. 98, 108 ; *Conklin* v. *N. Y., etc., R. R. Co.*, 5 East. R. 72, 73 ; *Newman* v. *Nellis*, 97 N. Y. 285, 290 ; *Scriver* v. *Smith*, 100 id. 471, 478 ; *In re Barclay*, 91 id. 430, 437 ; *Langdon* v. *Mayor, etc.*, 93 id. 129, 152 ; *Seifert* v. *Brooklyn*, 101 id. 136 ; *Van Dolsen* v. *Mayor, etc.*, 17 Fed. R. 817 ; *Cohen* v *Cleveland*, 43 Ohio St. 190 ; *B. & P. R. R. Co.* v. *Fifth Bap. Ch.*, 108 U. S. 317 ; 26 Alb. Law J. 322, 341 ; *In re N. Y. El. R. R. Co.*, 70 N. Y. 327, 360, 361, 367 ; *Bowen* v. *Preston*, 48 Ind. 367 ; *Bates* v. *Relyea*, 23 Wend. 336, 341 ; *Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122, 195 ; *R. R. Co.* v. *Schutte*, 103 U. S. 118, 143 ; *Dartmouth College* v. *Woodward*, 4 Wheat. 518 ; Perry on Trusts, §§ 260, 263.) The measure of compensation for property taken for the use of a railroad is the difference between the value of the whole tract of property before the building of the road and the remnant after the road is in operation, taking into account incidental damages from noise, vibration, smell, smoke, cinders and all other injuries. (*Story* v. *N. Y. El. R. R. Co.* 90 N. Y. 142, 169, 178 ; *In re Utica C. & S. V. R. R. Co.*, 56 Barb. 456, 464 ; *T. & B. R. R. Co.* v. *Lee*, 13 id. 169, 171 ; *In re Furman St.*, 17 Wend. 649, 670 ; *In re N. Y. C. & H. R. R. R. Co.*, 15 Hun, 63, 67, 69 ; *In re N. Y. Lack. & W. R. Co.*, 29 id. 1, 4 ; *In re N. Y. C. & H. R. R. R. Co.*, 6 id. 149, 154 ; *In re N. Y. El. R. R. Co.*, 36 id. 427 ; *Williams* v. *N. Y. C. & H. R. R. R. Co.*, 16 N. Y. 103 ; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 423 ; *In re N. Y. L. & W. R. R. Co.* v. *Bennett*, 7 N. E. R. 559 ; *Walker* v. *O. C. N. R. Co.*, 103 Mass. 10, 15 ; *S. & E. R. R. Co.* v. *Doughty*, 2 Zab. [N. J.] 495 ; *J. M. & I. R. R. Co.* v. *Esterle*, 13 Bush. [Ky.] 667, 668 ; *Harding* v. *Board of Land and Works*, L. R. [11 App. Cas.] 208, 213.) The fact that an easement only is taken can cause no variance of the rule. (*Arnold* v. *H. R. R. R. Co.*, 55 N. Y. 661 ; *Story* v. *N. Y. El. R. R. Co.*, 90 id. 122 ; *Cohen* v. *Cleveland*, 43 Ohio St. 191, 194 ; *V. & T. R. R. Co.* v. *Lynch*, 13 Nev. 92, 96 ; *C. B. U. P. R. R. Co.* v. *Andrews*, 26 Kan. 702 ; *C. B. U. P. R. R. Co.* v. *Twine*, 23

id. 585; *Buccleugh* v. *Met. Board of Works*, L. R. [5 H. L. C.] 418, 452, 453; *Yeaton's Appeal*, 105 Pa. St. 125; *Taylor* v. *Met. El. R. R. Co.*, 18 J. & S. 311; *Drucker* v. *Man. R. R. Co.*, 19 id. 429; *Ireland* v. *Met. El. R. R. Co.*, 20 id. 450.) The defendant's contention that they are not liable for the necessary consequences of the operation of its road is untenable. (*Seifert* v. *Brooklyn*, 101 N. Y. 136, 143, 144; *B. & P. R. R. Co.* v. *Fifth B. C.*, 108 U. S. 317, 332; *Eaton* v. *B. O. & M. R. R. Co.*, 51 N. H. 504, 516; *Penn. R. R. Co.* v. *Angel*, 6 East. R. 353, 354, 355; *Rex* v. *Pease*, 4 B. & Ald. 30; *Vaughan* v. *Taff Vale R. R. Co.*, 5 H. & N. 679; *Powell* v. *Fall*, 5 Q. B. D. 597–601; *Eaton* v. *B. O. & M. R. R. Co.*, 51 N. H. 504, 516.) There is no difference in principle between the rights of one who has a fee in the land beneath a city street and those who only own to the line of the streets of New York city. (*R. R. Co.* v. *Schurmeier*, 7 Wall. 272; *Trans. Co.* v. *Chicago*, 99 U. S. 635, 641; *Livingston* v. *Mayor, etc.*, 8 Wend. 85, 99; *Wyman* v. *Mayor, etc.*, 11 id. 486; *In re Furman St.*, 17 id. 650, 661, 662; *In re Thirty-second St.*, 19 id. 128; *In re Thirty-ninth St.*, 1 Hill, 191.) The loss of light, which is an element of damage, includes the loss of light reflected from the street as well as the loss of direct rays. (*Scott* v. *Pape*, 31 Ch. D. 554, 568, 573.) Abutters in their trials before a jury against the elevated railway companies can recover no damages beyond the injury to the use of their property from the building of the elevated roads to the commencement of their respective actions. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Darley Main Colliery Co.* v. *Mitchell*, L. R. [11 App. Cas.] 127.) The plaintiffs are not obliged to prove their damages with precision. (*Schile* v. *Brockhahus*, 80 N. Y. 614; *Taylor's Case*, 18 J. & S. [50 N. Y. Supr. Ct.] 311; *In re U., etc., R. R. Co.*, 56 Barb. 456, 464; 1 Suth. on Dam. 121; *B. & P. R. R. Co.* v. *Fifth Bap. Ch.*, 108 U. S. 317, 335; *Blesch* v. *C. & N. W. R. R. Co.*, 43 Wis. 183, 195; *Steers* v. *Brooklyn*, 101 N. Y. 51, 57, 58; *Wakeman* v. *W. & W. M. Co.*, id. 205, 209.) Abutters are entitled to recover at least

the depreciation in the rental value of their property whether they occupied or leased it. (*Carl* v. *S. & F. du L. R. R. Co.*, 46 Wis. 625, 631, 632; *B. & P. R. R. Co.* v. *Fifth Bap. Ch.*, 108 U. S. 317, 323, 335; *Francis* v. *Schoellkopf*, 53 N. Y. 152.) Juries are entitled to award abutters exemplary damages. (*B. & P. R. R. Co.* v. *Fifth Bap. Ch.*, *supra*; *Buccleugh* v. *Met. Board of Works*, L. R. [5 H. L. C.] 418, 454.)

*Simon Sterne* for property owners. The operation of a steam railway on a public highway or street is not the ordinary use of such street, and is *per se* a nuisance. (*Washington Cemetery* v. *P. P. & L. I. R. R. Co.*, 68 N. Y. 591; *Strong* v. *City of B.*, id. 1; *Hurd* v. *City of B.*, 60 id. 24; *R. R. Co.* v. *Williamson*, 91 id. 55; *Uline* v. *N. Y. C. R. R. Co.*, 101 id. 98.) The plaintiff is entitled to compensation for the injury sustained by reason of the defendant's structure, although an act of the legislature had authorized the building of the defendant's railroad. Its right to vindictive damages for the willful erection and maintenance of a nuisance falls to the ground by the legislative authority given to the defendant to build its railway, but no other right is, or under the Constitution can be impaired by the authority granted to build such railway. (*Buccleugh* v. *Met. B. of Works*, 5 L. R. [H. of L. Cas.], 404; *S. C.*, 2 Moak's Eng. R., 473; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *Story* . *N. Y. El. R. R. Co.*, 90 id. 124, 162; *Ill. C. R. R. Co.* v. *Graybill*, 50 Ill. 241-246; *Phillips* v. *London*, 5 L. R., C. P. D. 286, 290; *Pittsburg* v. *Bentley*, 88 Pa. St. 178.)

*Wm. W. Badger* for property owners. The settled rules as to actions for damages by nuisance should be applied, as there can be no pretense that any express legislation has authorized the running of the trains, or even the building of the structure, except conditionally upon payment for the right of way wherever it affects private interests. (68 N. Y. 597; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 107, 123; 50 J.

& S. 323; *B. & P. R. R. Co.* v. *Fifth Bap. Church*, 108 U. S. 323, 335; *Taylor's Case*, 18 J. & S. 323; 3 Wall. 57; *Chenango Bridge Co.* v. *Paige*, 83 N. Y. 183-185; *Cogswell* v. *N. Y. & N. H. R. R. Co.*, 103 id. 10; *Fish* v. *Dodge*, 4 Den. 311; *Jutte* v. *Hughes*, 67 N. Y. 272.) There was error in the charge in limiting the damages without allowing for the injuries which were caused by the stench and smell, which necessarily would seriously affect the use of the property and constitute an important item of the damages incurred. (*Schille* v. *Brockhahus*, 80 N. Y. 614; *St. John* v. *Mayor, etc.*, 6 Duer, 315; *Mairs* v. *Manhattan*, 89 N. Y., 498; *Hay* v. *Cohoes Co.*, 2 id. 159; *Francis* v. *Schoellkopf*, 53 id. 153.)

*Charles E. Whitehead* for property owners. The owners of city property abutting on a street are entitled to recover from an elevated railroad company that occupies the street any damages occasioned to them by the deprivation of light, air and access. (*Story Case*, 90 N. Y. 122; *Caro* v. *Met. El. R. R. Co.*, 46 Sup. Ct. 138; *Peyser* v. *Same*, 12 Abb. [N. C.] 276; *Hyne* v. *N. Y. El. R. R. Co.*, 36 Hun. 296; *Taylor* v. *Met. El. R. R. Co.*, 50 Sup. Ct. 311; *Drucker* v. *Same*, 51 id. 430; *Ireland* v. *Same*, Daily Reg. Dec. 29, 1885; *Meyer* v. *Same*, id. Apr. 1, 1886; *Fifth Nat. B'k* v. *N. Y. El. R. R. Co*, 24 Fed. Rep. 114; *Glover* v. *Man. R. R. Co.*, 66 How. Pr.; 51 Sup. Ct. 1; *Met. Tel. Co.* v. *Colwell L'd Co.*, 67 id. 365; *Mahady* v. *Bushwick R. R. Co.*, 91 N. Y. 153; *Fanney* v. *Osborn*, 37 Hun, 121; *Cohen* v. *Cleveland*, 1 West. Rep. 60; *Minning* v. *N. Y. C. & St. L.* 11 Week. Notes, 297; *Duncan* v. *Penn. R. R. Co.*, 13 Norvis, 435; *P. & L. E. R. R. Co.* v. *Bruce*, 12 id. 554; *Patten* v. *N. Y. El. R. R. Co.*, 3 Abb. [N. C.] 306; *In re N. Y. El. R. R. Co.*, 43 Hun. 427; *Jackson* v. *Blanshaw*, 6 John. 58; *Green* v. *Hudson R. R. R. Co.*, 28 Barb. 22.) The party injured may either recover the loss of rent or other injuries up to the time suit was begun, or, when the injury is permanent, and there has been no condemnation, he can

recover the loss of actual value in the premises occasioned by the injury complained of. (Wood's Ry. Law, 790.) His executor by statute may maintain such suit after his death. (R. S., part 11, chap. 6, tit. 5, § 4; *Blodgett* v. *Utica R. R. Co.*, 64 Barb. 580; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 434; *Green* v. *Same*, 65 How. 154; *Lehigh Val. R. R. Co.* v. *McFarlan*, 43 N. J. 605; *Slodghill*, v. *C. B. & Q. R. R.*, 53 Ia. 341; *City of Denver* v. *Bayer*, 7 Col. 113; *Troy* v. *Cheshire R. R. Co.*, 23 N. H. 83; *R. R. Co.* v. *Hambleton*, 40 O. St. 497; *Chi. & Pac. R. R. Co.* v. *Stein*, 75 Ill. 42; *C. & Alt. R. R. Co.* v. *Maher*, 91 id. 317; *Kansas Pac. R. R. Co.* v. *Milman*, 17 Kan. 224; *Lord Oakley* v. *Kensington C. Co.*, 5 B & A. 138; *Great Laxey Mining Co.* v. *Clague*, 27 W. R. 417; *Blair* v. *St. L. H. & K. R. R. Co.*, 24 Fed. Rep. 539; Sedgwick on Dam. [7th ed.] 296; Add. on Torts, §§ 194, 195, 421.) The measure of damages in this case is the difference in value of the premises with and without the erection and operation of the elevated railway in front of it. (*West. Penn. R. R. Co.* v. *Hill*, 6 P. F. Smith, 460; *In re U. C. & S. V. R. R. Co.*, 56 Barb. 456; *In re N. Y. C. & H. R. R. Co.*, 15 Hun, 63; *In re N. Y. L. & W. R. Co.*, 29 id. 1; *Green* v. *N. Y. C. & H. R. R. R. Co.*, 65 How. Pr. 154; *B. & P. R. R. Co.* v. *Reany*, 42 Md. 127; *Eaton* v. *B. C. & M. R. R. Co.*, 51 N. H. 504; *Buccleugh* v. *Met. B'd of W'ks*; 5 H. L. C. 418; *Mairs* v. *Man. R. E. Ass'n.*, 89 N. Y. 589; *St. Peter* v. *Denison*, 58 id. 416; *B. & P. R. R. Co.* v. *Fifth Bap. Ch.*, 108 U. S. 517; *Dusenbury* v. *Mut. Tel. Co.*, 11 Abb. [N. C.] 440; Cooley on Const. Lim., 702; 2 Kent's Com. 339.) The pollution of air by gas, smoke, dust and cinders is a deprivation of air, to the extent to which it is rendered useless to the abutting owner in his accustomed use. (*In re N. Y. C. & H. R. R. R. Co.*, 15 Hun. 63; *Cohen* v. *Cleveland*, 1 West. Rep. 60; *P. & L. E. R. R. Co.* v. *Bruce*, 12 Week. Notes, 554; *In re N. Y. El. R. R. Co.*, 36 Hun. 427.) The defendant is liable for all the continuing damage consequent upon a trespass which it has built and transferred to

another, so long as it is maintained by the defendant's consent. (1 Add. on Torts, § 422; *Thompson* v. *Gibson*, 7 M. & W. 456; *Brown* v. *C. & S. R. R. Co.*, 12 N. Y. 486; *People* v. *Erwin*, 4 Denio, 129; *R. R. Co.* v. *Hambleton*, 40 O. St. 497.)

RUGER, Ch. J.   This action is the sequel of the *Story Case* (*Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122), and its defense seems to have been conducted, upon the theory of securing a re-examination of the questions then decided, and in case that effort should prove fruitless, of limiting and restricting as much as possible, their logical effect.

The endeavor to secure a re-examination of the doctrines of that case must fail, since the decision there made embodied the deliberate judgment of the court, pronounced after the most careful and thorough consideration, and after two arguments at the bar, made by most eminent counsel, had apparently exhausted the resources of learning and reason in the discussion of the questions presented.

It would be the occasion of great public injury, if a determination thus made could be inconsiderately unsettled and suffered again to become the subject of doubt, and theme of renewed discussion.

The reasons advanced by the able counsel for the appellant to induce us to reconsider that case, seem to us to be insufficient to render it wise or expedient to do so.   The doctrine of the *Story Case* therefore, although pronounced by a divided court, must be considered as *stare decisis* upon all questions involved therein, and as establishing the law, as well for this court as for the people of the State, whenever similar questions may be litigated.

Wherever, therefore, the principles of that case logically lead us we feel constrained to go, and give full effect to the rule therein stated, that abutters upon public streets in cities are entitled to such damages, as they may have sustained by reason of a diversion of the street, from the use for which it was originally taken, and its illegal appropriation to other and inconsistent uses.

The case is not only authority upon the questions which it expressly decides, but also upon all such as logically come within the principles therein determined.

It is therefore unnecessary to enter into a general discussion of those questions, but after restating such propositions as seem to be controlling in this case, we shall simply refer to some alleged distinctions between the present case and the *Story Case*.

We hold that the *Story Case* has definitely determined :

*First.* That an elevated railroad, in the streets of a city, operated by steam power and constructed as to form, equipments and dimensions like that described in the *Story Case*, is a perversion of the use of the street from the purposes originally designed for it, and is a use which neither the city authorities nor the legislature can legalize or sanction, without providing compensation, for the injury inflicted upon the property of abutting owners.

*Second.* That abutters upon a public street claiming title to their premises by grant from the municipal authorities, which contains a covenant that a street to be laid out in front of such property, shall forever thereafter continue for the free and common passage of, and as public streets and ways for the inhabitants of said city, and all others passing and returning through or by the same, in like manner as the other streets or the same city now are or lawfully ought to be, acquire an easement in the bed of the street for ingress and egress to and from their premises, and also for the free and uninterrupted passage and circulation of light and air through and over such street for the benefit of property situated thereon.

*Third.* That the ownership of such easement, is an interest in real estate, constituting property within the meaning of that term, as used in the Constitution of the State, and requires compensation to be made therefor, before it can lawfully be taken from its owner, for public use.

*Fourth.* That the erection of an elevated railroad, the use of which is intended to be permanent, in a public street, and upon which cars are propelled by steam engines, generating

gas, steam and smoke, and distributing in the air cinders, dust, ashes and other noxious and deleterious substances, and interrupting the free passage of light and air to and from adjoining premises, constitutes a taking of the easement, and its appropriation by the railroad corporation, rendering it liable to the abutters for the damages occasioned by such taking.

The jury in this case, under the instructions of the court, have found, upon evidence which justifies the finding, that the structure of the defendant in Amity street, in connection with the running of cars thereon, propelled by steam engines with the consequences naturally flowing therefrom, constitutes an employment of the street for purposes not originally designed and a perversion of its use, from legitimate street purposes.

Assuming, therefore, the binding force of the decision in the *Story Case*, we will, where they are raised by sufficient exceptions, proceed to examine some distinctions claimed by the appellant to exist between the cases.

Among other things, it is claimed that the *Story Case* is an authority only where abutting owners hold title to their property, under conveyances similar to that of Story's, and that abutters claiming under any other tenure, than that of a deed from a municipality containing covenants protecting the street from any other use than that of a public street, do not come within the principles there determined.

This claim, we think, is not well founded.

We are of the opinion that no legal difference exists, with reference to the interest acquired by abutting owners in a public street, between that afforded by a title conferred under such a deed as Story had, or that acquired through a series of *mesne* conveyances from the original owner, whose property had been taken by proceedings *in invitum* instituted by the municipality, under a public statute to acquire land for street purposes, which statute provided that the land thus taken should be held "in trust, nevertheless, that the same be appropriated and kept open for or as part of a public street * * * forever, in like manner as the other public streets * * * in the said city are, and of right ought to be."

Such proceedings created not only a valid trust in the city for the purposes expressed, which precluded it from authorizing any other use of the land acquired, than that expressly described in the statute (Cooley on Const. Limitations, 331), but also constitute a contract between the public and the abutting owners severally, by which the liabilities, rights and interests of the respective parties are to be measured, and the enjoyment of their respective interests in the property (retained as well as acquired) regulated and determined. (*Shephard* v. *Mayor, etc.*, 13 How. Pr. 286; *Matter of Com'rs of Wash. Park*, 56 N. Y. 144; *Matter of Rhinebeck and Conn. R. R. Co.*, 67 id. 242.)

It is not essential to the acquisition of an abutter's rights that any land for the bed of the street should have been actually taken from the original owner, for whether it be so or not he was a party to the proceedings to appropriate the land, for a street and liable to be assessed for its benefits, and therefore entitled to enjoy them. (*Upham* v. *Worcester*, 113 Mass. 97.) He acquires his interest in the land taken by the same tenure that parties to a partition proceeding acquire theirs, viz., by the judgment of a competent tribunal, having jurisdiction under statutory regulations, to prescribe and determine the rights and liabilities of the respective parties in the land to be affected. (*Mayor etc.*, v. *Colgate*, 12 N. Y. 140, 148; *Child* v. *Chappell*, 9 id. 246, 255.) The contract created by the statute and proceedings referred to, applies to all persons entitled to be heard on the proceeding, and enures equally to the benefit of all, although they may be assessed unequally for its cost.

These differences in value are regulated by the awards of the commissioners, and are intended to be apportioned as equally as possible among the respective abutters and individuals benefited by the improvement, according to the value of the property taken, and the benefits which they are supposed to derive from the street.

The claim made that the owner of property taken for a street obtains, through the award of the commissioners, full compensation for his property is unfounded, unless the bene-

fits for which he is assessed, are inviolably secured to him by such proceedings. Any other construction of the statute would render it an efficient engine of fraud and injustice.

An abutting owner necessarily enjoys certain advantages from the existence of an open street adjoining his property, which belong to him by reason of its location, and are not enjoyed by the general public, such as the right of free access to his premises, and the free admission and circulation of light and air to, and through his property. These rights are not only valuable to him for sanitary purposes, but are indispensable to the proper and beneficial enjoyment of his property, and are legitimate subjects of estimate by the public authorities, in raising the fund necessary to defray the cost of constructing the street. He is therefore compelled to pay for them at their full value, and if in the next instant they may by legislative authority be taken away and diverted to inconsistent uses, a system has been inaugurated which resembles more nearly legalized robbery than any other form of acquiring property.

Although it may be assumed that the municipality by proceedings, to open a street, acquires the fee to the land taken, it is yet a qualified fee, held in trust under the statute for a certain use, and that use cannot be departed from without violating an essential condition of the contract under which the land was obtained. (Cooley, *supra*.)

The right which the municipality acquires, is limited by the public necessity, and in this case cannot extend beyond its use for street purposes, and all other uses which might be enjoyed therein, consistent with its use as a street, must from necessity have remained in, and resided with the person from whom it was taken, even after the transfer of the fee to the municipality. (*In the Matter of Albany St.*, 11 Wend. 150; *In the Matter of Cherry St.*, 19 id. 659; *Hooker* v. *Utica and Minden Turnpike Road Co.*, 12 id. 371; *Heyward* v. *Mayor, etc.*, 7 N Y. 314.)

Even if this were not so, the covenant implied from the language of the statute, and the proceedings taken thereunder,

was made with and intended for the benefit, among others, of abutting owners, and is a covenant which runs with the land and inures to the advantage of each successive grantee as he succeeds to the title.

Covenants in conveyances, to the effect that adjoining lands shall be forever used in such manner, as not to interfere with the free passage of light and air to the premises conveyed, are effectual to create an easement over the lands retained, for the benefit of the lands conveyed, and so it has been frequently held. ( *White's Bk. of Buffalo* v. *Nichols,* 64 N. Y. 65, 75, and cases cited.) This easement constitutes property, of which its owner cannot lawfully be deprived without receiving compensation therefor, and it was so held in the *Story Case.*

The act of the legislature under which the defendant was organized, and from which its authority to take the property in question is claimed, if held to authorize an interference therewith without making compensation, is plainly obnoxious to the objection that it sanctions the taking of private property for public use, and is also in conflict with that provision of the Federal Constitution prohibiting State, legislatures from passing laws impairing the obligation of contracts.

The logical effect of the decision in the *Story Case* is to so construe the Constitution, as to operate as a restriction upon the legislative power over the public streets opened under the act of 1813, and confine its exercise to such legislation, as shall authorize their use for street purposes alone. Whenever any other use is attempted to be authorized, it exceeds its constitutional authority. Statutes relating to public streets which attempt to authorize their use for additional street uses, are obviously within the power of the legislature to enact, but questions arising under such legislation are inapplicable to the questions here involved.

Such are the cases in respect to changes of grade; the use of a street for a surface horse railroad; the laying of sewers, gas and water pipes beneath the soil; the erection of street lamps and hitching posts, and of poles for electric lights used

for street lighting.    All of these relate to street uses sanctioned as such by their obvious purpose, and long continued usage, and authorized by the appropriation of land for a public street.

We also deem it unnecessary to consider those cases defining the rights of municipal corporations in lands whereof they have obtained an absolute fee, by purchase or otherwise, for no such case is here presented, and they are in no sense analogous to the questions under consideration.  (*Heyward* v. *Mayor, etc.,* 7 N. Y. 314; *Rexford* v. *Knight,* 11 N. Y. 308; *De Voraque* v. *Fox,* 2 Bl. C. C. 95.)  Neither do cases apply here which refer to the continued control retained by legislature,  ver grants by the State of public privileges to individuals or corporations, for these are generally conferred subject to the power of revocation and modification by the legislature whenever the public interests require it, and their power over them is attributable to the reserved rights of the State in the subject of the grant.  (*East Hartford* v. *Hartford Bridge Co.,* 10 How. [U. S.] 511, 536.)  It may also be proper to observe, without intending to discuss the case upon that theory, that it is difficult to see why this action is not maintainable within the principle recently decided by this court in *Cogswell* v. *New York, New Haven & Hartford Railroad Company* (103 N. Y. 10).  Certainly that case is a conclusive authority upon the question of what constitutes a taking of property within the meaning of the Constitution, and of the liability of the perpetrator of such injuries, for the damages occasioned by a corruption of the air, through the dissemination therein of noxious and unwholesome elements, such as gas, smoke, dust, cinders, ashes, etc., to the detriment of the property of adjoining owners.

No question arises in this case as to the proper rule to be laid down for the assessment of the abutter's damages as the parties have agreed upon the rule to be adopted, and have made that, the law of the case.

This action was brought upon the theory that the building of defendant's railroad, and its operation, constituted a

permanent appropriation of the street for railroad purposes, inconsistent with its use for street purposes, and entitled the plaintiff to recover in a single action all of the damages occasioned to his property by such taking. The case was tried upon this theory, and the defendant admitted the permanency of the intended use, and acquiesced in the rule of damages adopted by the trial court.

Among the requests to charge made by it, was that, "the plaintiff can only recover such amount as has been proved to be the permanent loss in the value of his property by reason of the taking by defendant of so much of the easements of light, air and access as has been proved to have been taken by it."

The court followed this request and charged that "the question is simply how much has he (the plaintiff) lost by the taking away of his light and air, and for that you can give him compensation and you can add interest to the amount if you think fit to do so."

The charge of the court was not excepted to by the defendant, and its request, followed by its adoption by the court, constituted a waiver of any previous exception (if any there was) conflicting with the rule laid down.

The rule of damages having been thus agreed upon, the case was taken out of the operation of the *Uline Case* (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98), recently decided in this court. The rule adopted assumes that the cause of action arose when the railroad was built and put in operation, and that the liability of the wrong-doer for the entire damage then became ascertainable, certain and absolute.

The circumstance that at some time thereafter, the operation of the railroad, was assumed and carried on by a lessee or grantee of the original wrong-doer, was entirely immaterial on the question of defendant's liability, and the evidence of its subsequent operation, was important only as bearing upon the character of the use and the nature of the wrongs inflicted.

But a single question of any importance remains to be discussed, and that refers to the claim made, that the defendant

is not liable for the operation of its trains, and the consequences flowing therefrom, in respect to the manufacture and distribution in the air of gas, smoke, steam, dust, cinders, ashes and other unwholesome and deleterious substances from its locomotives and trains, as they move to and fro over its tracks.

We have been unable to see any reason why the defendant should not be liable for the injury thus occasioned, provided the evidence established the fact that they were destructive of the easements of light, air and access belonging to the plaintiff.

It follows necessarily from the proposition that a permanent structure erected in a street, interrupting to any considerable extent the passage of light and air to adjacent premises, works the destruction of easements for such purposes; that any incident of the structure which necessarily increases and aggravates the injury must be subject to the same rule of damage.

No partial justification of the damages inflicted by an unlawful structure, and its unlawful use, can be predicated upon the circumstance, that under other conditions and through a lawful exercise of authority, some of the consequences complained of, might have been produced without rendering their perpetrator liable for damages.

The structure here, and its intended use, cannot be separated and dissected, and it must be regarded in its entirety in considering the effect which it produces upon the property of the abutter. However the damage may be inflicted, provided it be effected by an unlawful use of the street, it constitutes a trespass rendering the wrong-doer liable for the consequences of his acts.

The legislature, as we have seen, had no power to authorize the street to be used for an elevated steam railroad, and that want of authority extends to every incident necessary to make the road an operative elevated steam railroad, which occasions injury to the rights of abutters on the street. (*Balt. & Pct. R. R. Co.* v. *Fifth Bap. Ch.*, 108 U. S. 317, 329.)

We have carefully examined the other exceptions taken by the appellants in the course of the trial and all seem to us to be covered, either by the decision in the *Story Case* or the discussion already had.

We have been made aware that many questions involved in actions by abutters, against the defendant have been agitated in other cases, which it is stated are now on the way to this court, and may hereafter require consideration here.

In discussing this case, we have refrained from referring to any of those questions, unless properly raised by sufficient exceptions, and, necessarily involved in the determination of this case, leaving the consideration of other questions for the cases where they properly arise.

The judgment should be affirmed.

ANDREWS and DANFORTH, J. J., concur. RAPALLO, J., took no part. EARL and FINCH, J. J., concur in result, handing down the following memorandum:

EARL and FINCH, JJ., not being able to concur in all the views expressed in the foregoing opinion, concur in the result on the authority of the *Story Case* (90 N. Y. 122); deeming it necessary to add that, while they are unwilling to extend the scope of the decision in that case beyond its fair import, yet in their opinion it gives to abutting owners only damages for the construction and operation of the railway in front of their premises, resulting from the taking or destruction of their street easements of light, air and access, and for such damages to their adjoining property as are necessarily caused by such taking and destruction; that the abutters cannot recover damages to or upon their abutting property caused by the lawful operation of the road, and not by the deprivation or destruction of their easements in the street; that there can be no recovery for any thing done by the railway in the street except as it deprives, or tends to deprive, the abutters of the easements mentioned, and that they believe these principles were not violated upon the trial of this action.

Judgment affirmed.