Ingraham, J.
[After holding that in Matter of N. Y. Elevated R. R. Co. (3 Abb. N. C. 401; S. C., 70 N. Y. 327 ; aff’g 7 Hun, 239), the right of the defendant to build its road was directly involved and its decision conclusive,, and that within Fort Plainbridge Co. v. Smith (30 N. Y. 44, 61), there could be no doubt of the power of the legislature to authorize the defendant to construct its road on Third avenue, although the building and operation of' such road may injure the value of the franchise granted to the plaintiff by L. 1854, c. 140.]
The plaintiff also asks for an injunction to restrain the operation of the railroad in certain portions of Third avenue, on the ground that it is the owner of "premises abutting upon the avenue, and that in consequence of the-erection and operation of the road the defendant has appropriated the property of the plaintiff in the avenue without, compensation.
The recent decision in the court of appeals in the case of Lahr v. N. Y. Elevated R. R. Co. (104 N. Y. 268), has settled that the owner of property abutting upon the street opened under the act of 1807,* has a right of property in the street, and a right to insist that the street be devoted to *263 street uses, and that the construction and maintenance of the elevated railroad is an appropriation of such property and is inconsistent with the use of the street as a street.
The plaintiff is therefore entitled as such abutting owner to an injunction restraining the defendant from the use of its property in the street by the construction, operation and maintenance of the elevated railroad.
The fact that the plaintiff is a corporation and has-received its power to operate its road from the State, would not authorize the State to appropriate its property without-compensation; nor would the fact that the plaintiff purchased property not actually needed for railroad purposes, authorize either the State or the defendant to appropriate the property so purchased without compensation.
The fact that the defendant has, since the commencement of the action, leased its structure that trespasses upon-the plaintiff’s property to the Manhattan Railroad Company, does not absolve the defendant from liability for the damages caused by the trespass.
As to the Sixty-fifth street property, I think the plaintiff: is entitled to nominal damages only.
As to the Thirty-fourth street property, the evidence shows that the maintenance and operation of the elevated: railroad has materially damaged the rental value of the-property, and that the plaintiff has sustained serious damage-thereby, and I am satisfied from the evidence that the-plaintiff would receive at least three thousand dollars per annum more for its property rented, if the railroad was not there.
This action, however, was commenced in January, 1878,. • prior to the construction of the road in front of plaintiff’s premises, and the judgment demanded is that it may be-determined that the defendants have no right or power to construct or operate upon the route of plaintiff’s said premises an elevated railroad, which they have undertaken and-' intend to construct thereon ; that they may be perpetually enjoined and restrained from constructing the same; and no- *264 supplemental complaint has ■ been served by the plaintiff alleging that the operation of the road since the commencement of the action caused damage to the plaintiff’s property. I do not see, therefore, Low I can in this action give the plaintiff a money judgment for the damages sustained by it in consequence of the trespass by the defendant since the commencement of this .action.
The case of Henderson v. N. Y. Central R. R. Co. (78 N. Y. 423, 434) apparently holds that a court of equity has power to award damages accruing subsequent to the commencement of the action, but' in that case the trespass had been committed before the action was brought. The damage was alleged and the plaintiff asked judgment for the damages for the past use, or for a judgment that if the defendants be permitted to continue the use, it should only be •on condition of their paying the damages sustained.
In this case there is no allegation in the complaint that the plaintiff has actually sustained damage in consequence of the trespass, nor does the complaint ask for a judgment against the defendant for such damage.
On the pleadings as they stand I do not think that plaintiff in this action can recover for the damages sustained since the road was built.
This question was not discussed in the plaintiff’s brief, and in his oral argument he relies upon the case of Henderson v. N. Y. Central R. R. Co. (supra), but the decision in that case does not apply for the reason above stated.
Judgment is ordered for the plaintiff that the defendant be enjoined and restrained from maintaining or operating its railroad in front of the premises described in the complaint belonging to the plaintiff, with costs.
Findings and judgment to be settled on notice.

 Act of April 3, 1807. See 2 Rev. L. 1813, p. 408.