· THE AMERICAN PRIMITIVE METHODIST SOCIETY, RESPONDENT, *v.* THE BROOKLYN ELEVATED RAILROAD COMPANY, APPELLANT.

*Elevated roads in Brooklyn must make compensation for operating a road in streets taken under chapter* 132 *of* 1835.

In this action, brought by an owner of property abutting upon Park avenue, in the city of Brooklyn, to recover damages caused to the plaintiff by reason of the existence of the defendant's elevated railway structure on said avenue, the defendant claimed that as the avenue had been opened under chapter 132 of 1835, which provides that the streets opened thereunder shall be converted to the use of the public in the manner now designated and settled by law, *and in such other*

*manner as the legislature may hereafter deem proper to enact*, it must be assumed that the abutting owners received in the proceeding, instituted for the opening of the street, full compensation for any use which the legislature might deem proper to enact.

*Held*, that the claim could not be sustained as the words relied on did not extinguish all private right in the street.

That if such general words operated at all to extend the scope of the uses to which the land thereby taken could be subjected, which may be doubted, their only effect would be to authorize such other uses of the street as might be of the same general nature as the uses " then settled and designated by law," of which the operation of an elevated road was not one.

APPEAL from a judgment, entered by the court at Special Term, after a trial of the issues in this action at the Kings Circuit Court

This is an action by an owner of property abutting upon Park avenue, in the city of Brooklyn, to recover damages caused to the plaintiff by the maintenance and operation of the defendant's elevated railway upon said avenue. The action was begun prior to the operation of the defendant's road, and upon the trial, on the defendant's application, the damages were restricted to such as were sustained by the plaintiff by reason of the existence of the defendant's elevated structure on said Park avenue prior to the operation of said road. Park avenue was opened as a public street under the provisions of chapter 132 of the Laws of 1835. The defendant is an elevated railway company, created and existing under the laws of the State of New York by virtue of chapter 585 of the Laws of 1874, and the acts amendatory thereof ; and the said defendant, in accordance with the provisions of said acts, erected its structure on Park avenue in front of the plaintiff's property. The jury found that the damages sustained by the plaintiff by the existence of the defendant's structure on said avenue, prior to the year 1885, were the sum of $100. The plaintiff thereupon moved, at Special Term at Chambers, upon all the proceedings and upon such verdict, for judgment for such damages and an order restraining the operation of the defendant's road. Findings were made by the court and judgment was entered thereon, from which said judgment and the refusal of the court to grant a new trial this appeal is taken.

*William N. Cohen* and *F. R. Minrath*, for the appellant.

*Charles M. Stafford*, for the respondent.

PRATT, J. :

The appellant contends that in the case of *Uline* v. *Railroad* (101 N. Y., 107,) the court intimate that abutting owners have not in all cases any right in a public street as against a railroad legally constructed thereon. If it be that the doctrine of that case is such as contended, we are of opinion that it has no application here. The situation discussed in the Uline case is one where all private right in the street is extinguished or vested in the railroad company. The appellants claim that the street in suit having been opened under chapter 132 of the Laws of 1835, which provides that the streets opened thereunder, shall be converted to the use of the public in the manner now designated and settled by law, *and in such other manner as the legislature may hereafter deem proper to enact*, all private right in the street was thereby extinguished. We are not of that opinion. The words relied upon do not, in our opinion, extinguish all private right in the street. If such general words operate at all to extend the scope of the uses to which the land, thereby taken, can be subjected, which may be doubted, their only effect will be to authorize such other uses of the street as may be of the same general nature as the uses " then settled and designated by law," of which the operation of an elevated road was not one. Such use is not a public use in the sense those words bear in that statute. No such use was then contemplated, and no compensation for such use could have been given to the land owner in those proceedings.

The present case, therefore, falls under the general rule announced in *Story* v. *Elevated Railway Company* (90 N. Y., 122) and *Lahr* v. *Metropolitan Elevated Railway Company* (104 N. Y., 268) according to which, owners abutting upon a public street may recover such damages as they sustain by diversion of the street from the purposes for which it was originally taken and its illegal appropriation to other and inconsistent uses. The use to which appellants have devoted the street is one that neither the legislature nor the municipal authorities can legalize without providing compensation for the injury inflicted upon abutting owners.

The main contention being determined in favor of the plaintiff, it remains to see if any errors occurred upon the trial that require interference with the judgment.

It is claimed that proof of the deed of Valentine Hall to the plaintiff, and possession thereunder, does not establish title in the plaintiff to any easement in the street, for the reason that the possession of the plaintiff under the deed did not extend to any part of the street.   We find no defect in the evidence.

The plaintiffs are shown to have enjoyed such possession and enjoyment of the street as is compatible with the right of the public. To have possession of real estate, does not necessarily require that it should be fenced, and all other persons excluded.   Plaintiffs have had such possession as the nature of the case permitted.   But were it the fact, as contended by defendant, that the plaintiffs have failed to prove ownership of the fee in the street, under the decisions cited above, they are, as abutting owners, entitled to the rights in the street which are secured them by the judgment.

Proof of the cost of plaintiff's church could not injure defendants.   The court limited the damages recovered to such as was sustained before the operation of the road, and the evidence objected to has wrought no injury.   The proof shows the relative situation of defendants' and plaintiffs' structures, from which it clearly appeared that access to plaintiff's building was interferred with. Whether the number of trains defendant proposes to run each day is correctly stated, can have had no influence upon the decision of the court   The trial of the cause at circuit was no error.   The action was equitable.   The court itself could have properly heard the testimony at Special Term, or could have directed the testimony to be taken by a referee and reported to the court; could have ordered issues framed, or could take the opinion of a jury at circuit. In any case, the final decision is that of the court.   The verdict of the jury could be disregarded or followed, as the court deemed in consonance with justice.

It follows that the judgment must be affirmed, with costs.   But as the public convenience is best promoted by allowing the defendant's road to be operated, upon plaintiffs' rights being adequately secured, an injunction will be withheld for such time as will allow defendant to take steps for condemnation of the easement interferred with.

Present — BARNARD, P. J.; DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.