JEWETT *v.* UNION E. R. CO.　HUSSEY *v.* SAME.　ATLANTIC AVE. R. CO. *v.* SAME.

*(Supreme Court, General Term, Second Department. May 14, 1888.)*

1. EMINENT DOMAIN—CONSTRUCTION OF ELEVATED RAILWAY—INJUNCTION TO RESTRAIN—RIGHT OF ABUTTING OWNERS TO COMPENSATION.

　　An abutting owner on a street may by bill in equity restrain the taking of such street for the purpose of an elevated railroad under an act of the legislature giving permission therefor, where he has not been compensated for such taking.[1]

2. SAME—CONSTRUCTION OF ELEVATED RAILROAD IN STREET—COMPENSATION TO ABUTTING OWNER—EVIDENCE.

　　In an action by the owner of land abutting on a street to restrain the taking of such street for the purpose of an elevated railroad, the rejection of evidence that the abutting property was not depreciated by such taking is not error, as compensation must be made before the taking.[1]

3. MUNICIPAL CORPORATIONS — CONSTRUCTION OF ELEVATED RAILROAD ON STREET — RIGHTS OF ABUTTING OWNERS.

　　The construction of an elevated railroad on a street is a perversion of its use to other than street purposes, and entitles an abutting owner to compensation.[1]

Appeal from special term, Kings county.

Three separate actions brought by James C. Jewett, Mary J. Hussey, and the Atlantic Avenue Railroad Company to restrain the Union Elevated Railroad Company from entering upon and appropriating the plaintiff's property on Fifth avenue, in the city of Brooklyn, to the uses of its road, without acquiring said property in the manner prescribed by law, or compensating plaintiffs therefor. Judgment for plaintiffs restraining such appropriation, and defendant appeals.

*Wingate & Cullen,* (*Geo. W. Wingate* and *George Hoadly,* of counsel,) for appellant. *B. F. Tracy,* for respondents.

BARNARD, P. J. The court of appeals, in the case of *Story* v. *Railroad Co.,* 90 N. Y. 122, decided that a bill in equity to restrain the taking of a street for the purpose of an elevated railroad under an act of the legislature giving permission therefor, was a proper remedy in cases where compensation for such taking was not made to an abutting owner on the street. The same decision was made in *Lahr* v. *Railway Co.,* 104 N. Y. 268, 10 N. E. Rep. 528. Under these cases there is no doubt but that the defendant's road, as proposed to be constructed and opened, is to be an employment of the street for other than street purposes and a perversion of its use. The plaintiffs are entitled to an easement in the street, and the mere taking of the street entitles them to compensation. The rejection of the evidence offered to show that the premises of the several plaintiffs were not depreciated was not therefore erroneous. The abutting owners stand upon the same principle as a private owner of the fee

---

[1] The easement of the abutting owner on a public street or highway is property which may not be taken or impaired without compensation being made. Lohr v. Railroad Co., (N. Y.) 10 N. E. Rep. 528; Railroad Co. v. Bissell, (Ind.) 9 N. E. Rep. 144, and note. The construction and operation of an elevated railroad being a trespass as against abutting property owners not compensated, by reason of the fact that it imposes upon the street in which it is erected an unauthorized use, the damages recoverable by such abutters includes whatever of injury or inconvenience results to them from the structure itself, or is incidental to its use. The smoke and gases and the ashes and cinders from an elevated railroad impair the easement of air in an abutting property owner; the structure itself, and the passage of cars, lessen his easement of light; and the dripping of oil and water, and the frequent columns, interfere with his convenience of access; and they are all elements of damage, even though they be the necessary concomitants of the construction and operation of the road, and not the product of negligence. Drucker v. Railway Co., (N. Y.) 12 N. E. Rep. 568.

　As to the right of railroad companies to lay their tracks in the public streets, and the right of abutting owners to compensation, see Frankle v. Jackson, 30 Fed. Rep. 398; Lohr v. Railroad Co., *supra;* Railroad Co. v. Bissell, (Ind.) 9 N. E. Rep. 144, and note; Railroad Co. v. Brown, (Fla.) 1 South. Rep. 512; Slough v. Railway Co., (Iowa,) 33 N. W. Rep. 149.

of land taken for public use.   Compensation must be first made for what is taken, to be determined by commissioners appointed for the purpose of estimating and fixing the damages.   The judgment should therefore be affirmed, with costs.