### EGERER v. NEW YORK CENT. & H. R. R. CO.

#### *(Supreme Court, General Term, Fifth Department. June, 1888.)*

EASEMENTS—OBSTRUCTION OF LIGHT BY RAILROAD—TRACK ON DISCONTINUED STREET.
 An action will not lie, by the owner of property adjacent to a street, against a railroad company for deprivation of light and air, occasioned by elevating its tracks so as to obstruct the street; such elevation being in pursuance of an act of the legislature, and the city commissioners having discontinued that portion of the street under authority given them by said act.

On exceptions from circuit court.

Action by Frederika Egerer against the New York Central & Hudson River Railroad Company for damages to real estate in the city of Rochester. At the circuit a verdict was directed for defendant, and upon a case and exceptions a motion was made by plaintiff to set aside the verdict.

*Thomas Raines*, for plaintiff. *E. Harris*, for defendant.

DWIGHT, J. The action was for damages caused by the obstruction of a street adjacent to the plaintiff's dwelling-house, interfering, as she alleges, with her easements of light, air, and access. The acts of the defendant complained of were done in the work of elevating the tracks of its road through the city of Rochester, under the provisions of chapter 147 of the Laws of 1880, and a contract with the city made pursuant thereto. This court has already considered the effects of that legislation, and action of the city authorities, in the case of *Wilson* v. *Railroad Co.*, *ante*, 65, (decided in January, 1886,) and, as we now think, disposed of all the questions which properly arise in this case. The effect of the action of the commissioners on the part of the city was, among other things, to discontinue that portion of North avenue, at and near its junction with North street, over which the four tracks of the defendant's road passed at grade, and, by diverting its course for a short distance, form a new junction with North street near the overhead crossing of the latter. All the structures of the defendant complained of in this case are on the land from which the street was thus removed, and of which the fee was in the defendant, or on land of the defendant which was always outside the limits of the street. The diagrams in evidence show that the plaintiff still has all the access to the street which she ever had, except such as she assumed to

make use of across the land of the defendant, which was not included within the limits of the street.

In respect to interference with easements of air and light, the case is not within the doctrine of the *New York Elevated Railroad Cases,* (*Story* v. *Railroad Co.,* 90 N. Y. 122; *Lahr* v. *Railroad Co.,* 104 N. Y. 268, 10 N. E. Rep. 528,) because in those cases the interference was with the enjoyment of an easement in an existing street, by a party whose property abutted thereon. Here the injury, if any, results from a discontinuance of the street itself by action of the city authorities, and a consequent deprivation of the easements formerly enjoyed therein. It is not contended that the plaintiff could acquire such easements by prescription over the lands of the defendant, an adjoining proprietor. The discontinuance of the street was within the authority expressly given to the commissioners of the city by the act of 1880, and the plaintiff had no cause of action against the defendant for damages caused thereby. In conformity with the principles declared in the case of *Wilson* v. *Railroad Co., supra,* we must hold the verdict properly directed in this case, and deny the plaintiff's motion for a new trial.

Motion for a new trial denied, and judgment ordered for the defendant on the verdict.

All concur.