WILLIAMS *v.* BROOKLYN EL. R. Co.

*(Supreme Court, General Term, Second Department.    July 18, 1890.)*

**1. ELEVATED RAILROADS—INJURIES TO ABUTTERS—DAMAGES.**
    In an action for damages to abutting property, caused by the construction and operation of an elevated railroad, the obstruction of the street, while the road was being built, is a proper item of damage.

**2. SAME—EVIDENCE.**
 In such case it was not error to prove the effects of the railroad on the street as manifested by a storm which happened after the commencement of the action, the fact proven not being a basis of recovery, but merely evidence in support of the injury done to the street by defendant's structure.

**3. SAME—OPINION OF COURT OF APPEALS.**
 In such action the reading by plaintiff's counsel of an opinion of the court of appeals in a similar case as to what was to be included within the right to recover, was not erroneous.

**4. SAME—NEWSPAPER ARTICLES.**
 A verdict for plaintiff in such case will not be disturbed because counsel read to the jury an article from a newspaper in respect to the violation by corporations of the rights of persons, where the article in question was not in respect to defendant, did not refer to elevated railroad companies, and was not offered in evidence, and where the substance of the article could properly have been stated by counsel in summing up.

Appeal from circuit court, Kings county.

Action commenced by Margaret Williams to recover for loss of rent of her houses in Grand avenue, Brooklyn, caused by the erection and operation of the Brooklyn Elevated Railroad. Plaintiff having died, her executor, Patrick Williams, was substituted as plaintiff. There was a verdict for $6,875, and from the judgment entered thereon defendant appeals.

Argued before BARNARD, P. J., and DYKMAN, J.

*Hoadly, Lauterbach & Johnson,* (*W. N. Cohen,* of counsel,) for appellant. *B. F. Tracy,* for respondent.

BARNARD, P. J. The plaintiff's testator, at the time of the construction of the defendant's elevated railroad, on Grand avenue, was the owner of 16 houses fronting on the avenue. She brought an action for injury alleged to have been done to her property, and recovered a judgment by the verdict of a jury. The company appealed. The right of action to an abutting owner for damages sustained by reason of the diversion of a street from the use for which it was originally taken, was established by the court of appeals in the case of *Lahr* v. *Railway Co.*, 104 N. Y. 268, 10 N. E. Rep. 528. The plaintiff fully proved her case. Several witnesses testified to a large loss in rental value by reason of the construction of the railroad. The reason for the diminution in rental value was proven. The light was obstructed as to some of the houses, including the plaintiff's houses, and there was a great annoyance from gas, noise, and smoke. The defendant produced evidence in contradiction of the allegation of the plaintiff and her witnesses. Upon this testimony the jury found a verdict in favor of the plaintiff for $6,875. The verdict was moderate under the evidence, and the verdict should stand unless some legal right of the defendant was violated upon the trial. The plaintiff's counsel read an article from a newspaper in respect to the violation of the rights of persons by corporations. The article in question was not in respect to the defendant's railroad. It did not refer to elevated railroads in any particular. It was neither offered in evidence nor rejected. The substance of the article could without any offense have been stated by the advocate in summing up the case. The case does not show as to what the article was pertinent by way of answer to the summing up of defendant's counsel. It is seldom, if ever, on an important, severely contested trial, that the speech of either counsel will bear a close scrutiny, upon the theory that every word or part of it should be addressed to the case, and be based upon the evidence. Freedom of advocacy means something beyond this, and it will be a severe rule which reverses a judgment for every idle word of counsel spoken to the jury on the trial. The reading of the opinion of the court of appeals[1] by plaintiff's counsel was not erroneous. The opinion was the expression of the decision of the court of last resort as to the rights of plaintiff to recover, and

[1] *Lahr* v. Railway Co., 10 N. E. Rep. 528.

as to what was to be included within the rights. If an expression addressed to the facts of that case was included, no harm was done thereby to this case, which had no such fact. The particular clause of the opinion had sole reference to a system which took the property of another owner without compensation. There is nothing in the charge of the judge which will bear the construction that the jury could give damages for a road to be constructed in the future. They were limited to the actual damages sustained as proven on the trial. The obstruction of the street while building the road was stated by the judge to be an item of damage. The cars did not begin to pass over the road until 1885. The defendant began a construction of the road in 1879. The charge had reference only to the damages caused while building, and after the road was completed. The cause of action did not depend upon a completed road. All which was caused by constructing it was as well within the principle of compensation as that which followed the full construction and operation of the road. Proof was given on the trial tending to show that the plaintiff's property could not be rented by reason of the defendant's railroad. The trial judge charged that an absolute loss of rent was to be allowed to her, if proven, as well as a mere diminution. The request to add to and modify this statement was properly denied. It was plainly made, and was complete in itself. If the railroad occasioned a total loss of rent, it was to be allowed. The jury were to pass upon the evidence in support of the claim in this respect. The jury had no duty in reference to the question whether the railroad was a diversion of the street. That question has been settled as matter of law in the case above cited, which gave the plaintiff therein a right of recovery. The jury could say that it was of no damage to a particular owner, if such was the fact. It was not erroneous to prove the effects of the railroad upon the street as manifested by a storm which happened subsequent to the commencement of the action. The fact proven was not a basis for recovery in itself, but was merely evidence in support of the injury done to the street by the defendant's structure. If the evidence was proper, the admission of the photograph was proper. It was the best evidence of the fact sought to be proven. It was not necessary to have also a photograph of the road as it was before the storm. There appearing no exception sufficient to reverse the judgment, it should therefore be affirmed, with costs.