### DOYLE *v.* MANHATTAN RY. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* January 5, 1891.)

EMINENT DOMAIN—COMPENSATION OF REVERSIONER.

The construction and operation of a railway in the highway in front of plaintiff's property being a continuing nuisance, the owner of the reversion of the premises, entitled, under Code Civil Proc. N. Y. § 1665, to "maintain an action founded upon an injury done to the inheritance," notwithstanding the intervening estate, may recover damages accruing within the period of limitation of six years, though the railway was constructed and operated before that period.

Appeal from special term.

Action by Anna Maria Doyle against the Manhattan Railway Company and the Metropolitan Elevated Railway Company. Defendants appeal from a judgment for plaintiff entered on trial by the court without a jury. For former report, see 8 N. Y. Supp. 323, 11 N. Y. Supp. 65.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Brainard Tolles,* of counsel,) for appellants. *Peckham & Tyler,* (*W. G. Peckham,* of counsel,) for respondent.

PRYOR, J. Action for injunction to restrain the maintenance and operation of defendants' railway, and for[damages for past injuries. Appeal from judgment awarding such injunction and damages. The allegations upon which appellants mainly rely are in the admission and exclusion of evidence as to the fee value of the property in question, and so they affect the amount defendants have the option of paying in avoidance of the injunction. But such errors, unless they invalidate plaintiff's claim to injunctive relief, are ineffectual to reverse the judgment, (*Lawrence* v. *Railroad Co., ante,* 546, now decided,) and we are of opinion that, upon the unchallenged and uncontroverted evidence, the right to an injunction is clear and incontestable. It is equally plain that the sum, payment of which is offered defendants as an alternative of the injunction, is not so exorbitant as to call for revision by the general term, in the exercise of its power to redress an abuse of discretion below.

The question, then, is, does any error invalidate the judgment for damages? The errors, if any, in the admission or exclusion of evidence as to past damages, are immaterial and harmless, for the reason that the unchallenged and

uncontroverted proof clearly justifies the amount awarded for such damages. But appellants contend that acts barred by the statute of limitations are made the basis of recovery. Not so, however. ·The ground of the action is a taking of plaintiff's property without compensation. *Story* v. *Railroad Co.*, 90 N. Y. 122; *Lahr* v. *Railroad Co.*, 104 N. Y. 268, 10 N. E. Rep. 528. The construction and operation of defendants' railway, in violation of plaintiff's easements in the highway, is "a continuing nuisance;" and every continuance of a nuisance is a fresh nuisance, for which a new action may be brought. *Uline* v. *Railroad Co.*, 101 N. Y. 98, 109, 4 N. E. Rep. 536 *et seq.* The leases of plaintiff's property were all made after the construction of defendants' railway, and all terminated before the commencement of the action, and so at the time of the injury possession was in plaintiff. But, by express provision of the Code, (section 1665,) "a person seised of an estate in remainder or reversion may maintain an action founded upon an injury done to the inheritance, notwithstanding any intervening estate for life or for years." The claim is for an injury to the inheritance,—the depreciation of its value,—but no recovery can be had of past damages for such injury beyond a period of six years. Here the trial judge expressly ruled that no damages should be allowed except as accruing within the six years. The judgment should be affirmed, with costs. All concur.