(58 Misc. Rep. 463.)

ROOSEVELT et al. v. NEW YORK ELEVATED R. CO. et al.

(Supreme Court, Special Term, New York County. March, 1908.)

1. STREET RAILROADS—EASEMENTS—PRESCRIPTION—INTERRUPTION.

A user of an elevated railroad with two tracks, one on each side of the street, with an open space between them, for 17 years, is interrupted where a third track is constructed between the original tracks, where the original user began under legislative authority to maintain two original tracks, and the third track was so built that the original tracks helped to support it, and it enabled the company to run more trains and carry more passengers than was possible before the third track was constructed, whereby the burden on the servient estate was increased before the expiration of 20 years.

2. SAME—ACQUIESCENCE.

Where an owner of property acquiesced in the use of two original tracks of an elevated road for 17 years, it did not affect his right to object where a third track was built which increased the traffic capacity of the road.

Action by James Roosevelt and others, trustees, against the New York Elevated Railroad Company and others for an injunction. Judgment for plaintiffs.

Skinner & Bernant, for plaintiffs.
Charles A. Gardiner, for defendants.

DAVIS, J. This action was begun August 21, 1902, and was brought to restrain the defendant from operating and maintaining an elevated railroad in front of the plaintiff's premises, Nos. 29, 31,

33, and 35 Ninth avenue, borough of Manhattan, New York City, and to recover damages alleged to have been suffered by plaintiff by the trespassing upon and the appropriating of the easements appurtenant to the plaintiff's premises on Ninth avenue in the constructing, maintaining, and operating of a three-track elevated railroad by defendant. It appears that an elevated railroad with two tracks, one on each side of Ninth avenue, with an open space between the tracks, was erected, maintained, and operated in May, 1880. In 1897 a third track was erected between the original two tracks. This third track was used for express trains. The defendant claims that, as the two tracks erected in 1880 had been continuously used for a period of over 20 years prior to the commencement of this action in August, 1902, it has acquired an absolute right by prescription to use the same without any liability to plaintiff in this action, and that the only damages, if any, the plaintiff can recover in this action, are those suffered by reason of the construction, maintenance, and use of the third track since 1897. Defendant's entry and user began in 1880, and were made under legislative enactments, and not under a general claim of title. Hindley v. Manhattan R. Co., 185 N. Y. 335, 350, 78 N. E. 276. This appears from defendant's answer. Therefore, these legislative acts, being the origin of defendant's user, determine the nature of the entry and the extent of the user. And it must be held that nothing was claimed by the defendants beyond and outside of this definite legislative grant. "The right derived from user can never outrun or exceed the user to which it had its origin." American Bank N. Co. v. N. Y. El. R. Co., 129 N. Y. 252, 266, 29 N. E. 302, 305. Briefly, then, the defendants received legislative authority to construct, maintain, and operate for public use and conveyance of persons and property an elevated railway of two tracks along Ninth avenue on the opposite sides thereof and in front of plaintiff's premises, and each of said tracks was was not to exceed five feet in width between the center of the rails. The right to use the open space between these tracks for a middle track was not included in this grant. Auchincloss v. Metropolitan El. R. Co., 69 App. Div. 63, 66, 74, 74 N. Y. Supp. 534. The extent of defendant's user being thus fixed, it remains to determine whether the construction of the third track in 1897 was such an interruption of that use as to prevent the acquiring by prescription of a title to plaintiff's easement before the bringing of this action in 1902.

The two original tracks had been in use about 17 years before the third track was built. During that period, and from time to time, various additions had been made to these tracks in the way of platforms, switches, and side pathways. Then the third track was built between the two outside tracks. The outside tracks helped to support this third track, which then became an integral part of a single structure composed of these three tracks, and thus the defendants were enabled to run more trains and carry more passengers on the original tracks than was possible before the third track came into use. The user here was materially changed in the seventeenth year after entry by enlarging the structure to one of three tracks.

Thus the burden upon the servient estate was materially increased before the expiration of 20 years. Defendant's right by prescription depends, among other things, upon the acquiescence of the owner of the easement in defendant's appropriation of it. In the case at bar, it may be admitted that there was such acquiescence in the use of the two tracks without the third track for 17 years, but such acquiescence cannot be availed of to cover the use of the two tracks increased in weight, size, and traffic capacity by a third track. American Bank N. Co. v. N. Y. El. R. Co., 129 N. Y. 252, 29 N. E. 302. At the completion of this third track, the structure should be regarded as a whole, whose effect upon plaintiff's easement it would be quite impracticable to dissect. Lahr v. Metropolitan El. R. Co., 104 N. Y. 268, 295, 10 N. E. 528. The defendants cite the case of Hindley v. Manhattan R. Co., 185 N. Y. 335, 78 N. E. 276, as authority for the claim that the prescriptive right acquired by the defendants was not affected by the fact that during the period of adverse user a third track was constructed upon the original structure, and that trains were run upon this track. But that case differs from the one at bar. The question of a third track was not involved there, nor was defendant's user interrupted during the 20 years. It does not support defendant's contention. Nor is the Lewis Case authority for defendant's claim. 162 N. Y. 202, 203, 56 N. E. 540. In that case the structure was a viaduct of masonry 56 feet wide and 7 feet high, and had been used, every foot of it, by the railroad company uninterruptedly from 1873 to 1894. In the case at bar the structure claimed to have been used for 20 years is a metal structure of two tracks separated from each other by a wide open space which had never been used or occupied by the defendants. As already stated, the extent of defendant's user is determined by the terms of the legislative grant, and these terms do not include the open space between the two original tracks now occupied by the third track. In the Auchincloss Case, 69 App. Div. 63, 70, 74 N. Y. Supp. 534, 540, Justice Ingraham writes that:

"There is no provision in this act of 1867 (Acts 1867, p. 1271, c. 489) which authorizes the construction or maintenance of a third track, or the appropriation or occupation of any portion of the street, except so far as was necessary to construct two tracks, one upon each side of the street, and the turnouts and connecting tracks between the two tracks authorized by section 5 (page 1273). * * * We have, therefore, an act by which a railroad company is authorized to erect in certain streets in the city of New York a track upon each side of the street, limiting the right of the company to the erection of two tracks, with no authority to construct in the street a third track."

Keeping in mind the difference between the using of this solid viaduct of masonry for railroad traffic and the use of these two elevated tracks, with no user of the space between, we can understand how certain language of the Lewis Case, 162 N. Y. 224, 56 N. E. 546, applies to the viaduct, but not to the span between the two tracks of the elevated roads. Referring to the viaduct the court says:

"She could claim no damages on account of any new structure erected in the same place within the same lines and for the same purpose, which inflicted no more injury upon her property than the old."

But this third track is not "erected in the same place within the same lines" as the two original tracks. I have examined the Conabeer Case, 156 N. Y. 474, 51 N. E. 402, cited by defendant, and have failed to find therein any authority for holding that the building of this third elevated track during the period of adverse user in the year 1897 did not affect the defendant's claim of title by prescription. I think that the building of this third track operated as an effective interruption of defendant's original user, and defeated the claim of prescriptive right.

Fee damage is $30,000, and rental damage $1,800 yearly. Judgment accordingly.